## J. A. STONE v. R. L. SHUTTLE, et ux.

Eastern Section.   July 3, 1925.

Petition for Certiorari denied October 13, 1926.

1. **Covenants.   Parol evidence is not admissible to change covenants in a deed.**

   In an action to recover on covenants in a deed against encumbrances where the defendants attempted to show by parol evidence that the purchaser assumed taxes and assessments outstanding as part of the consideration, **held,** while for some purposes it is competent to show what the real consideration of a deed is, a party cannot, under the guise of showing what the consideration is, prove an oral agreement either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant.

Appeal in error from Circuit Court, of Sullivan County; Hon. D. A. Vines, Judge.

Affirmed.

Burrow & Burrow, of Bristol, for plaintiff in error.

Bachman & Brown, of Bristol, for defendant in error.

THOMPSON, J.   Mr. Stone sold to Mr. Shuttle and wife a house and lot in Bristol, Tennessee, and executed to them a deed as follows:

"This deed, made and entered into this the 15th. day of October, 1923, by and between J. A. Stone and Irene A. Stone, his wife, parties of the first part, and R. L. Shuttle and Alice Shuttle, his wife, parties of the second part,

"Witnesseth

"That for and in consideration of the sum of nineteen hundred and seventy-five ($1975) dollars, of which sum three hundred ($300) dollars is paid in cash and the remainder sixteen hundred and seventy-five ($1675) dollars is represented by sixty seven notes for $25 each, secured by deed of trust of even date herewith to C. J. St. John, Trustee, the receipt of all of which is hereby acknowledged.

"The parties of the first part do hereby bargain, sell, transfer and convey with covenants of general warranty unto the parties of the second part all that certain house and lot lying and being situate on

the North side of Hill Street in Bristol, Seventeenth Civil District of Sullivan county, Tennessee, bounded and described as follows:''

(Here followed description which we omit.)

''To Have and To Hold, the property herein conveyed, together with all right, privileges and appurtenances thereunto belonging, unto the parties of the second part their heirs and assigns in fee simple forever.

''Witness the following signature the day and date hereinbefore written.''.

At the time of the sale and of the execution of this deed there were taxes for the current year against the property and also street assessments of the City of Bristol for street improvements. These taxes and assessments were a lien, and totalled with interest the sum of $317.33.

Shuttle and wife sued Stone before a justice of the peace ''in a plea for damages due by breach of warranty'' and recovered a judgment for $333.79 and the costs· of the cause. The defendant appealed to the circuit court where the case was tried by the circuit judge without the intervention of a jury, with result that a judgment was rendered against the defendant for the sum of $317.33 and the costs of the cause. The defendant has appealed to this court and assigned error based upon the following:

At the trial the defendant and several witnesses testified that at the time of the sale and of the execution of the deed Shuttle and wife verbally or orally assumed and agreed to pay the said taxes and street assessments. The circuit judge overruled and excluded this evidence, although it was probably sufficient to have overcome the denials of the plaintiffs and to have changed the result of the trial had he been of the opinion that it was competent. The competency of this testimony is, therefore, the one question before us.

The insistence of the defendant is that this evidence did not contradict the deed or covenant, but that it simply contradicted or disputed the recital of the deed as to the consideration, and that it only contradicted this recital to the extent of showing that the $1975 recited in the deed was not all of the consideration but that in addition the vendees assumed the payment of the taxes and street assessments which were liens on the property. Counsel for defendant also state their insistence in a little different language, as follows:

''When the appellees (plaintiffs) undertook to prove incumbrances they had to resort to proof outside of the deed. When they introduced evidence of outstanding taxes and street assessments against the property to show incumbrances, why could not appellant show in rebuttal that these were not incumbrances, but that appellees had assumed their payment as part of the consideration for the property? The point is, and our adversaries have sheered away from it as from a flaming sword, that we are not trying to contradict, or to alter or change the covenant against incumbrances, but are trying to show

that there are no incumbrances, and are trying to do so in precisely the same way our friends are trying to show that there are incumbrances.''

Again, counsel for defendant says:

''True there is a covenant against incumbrances, but when plaintiffs attempt to prove an incumbrance defendant offers proof to show that there is no incumbrance because plaintiffs have themselves assumed to pay the taxes and assessments claimed to be incumbrances.''

Counsel sum the matter up as follows:

''From this it would necessarily follow that if the true consideration could be proved by parol and such true consideration included the assumption of certain liens on the property conveyed, then this could likewise be proved by parol evidence.''

While this argument is plausible and seems to be supported by some authorities outside of Tennessee, yet we think the better reasoning is to the contrary and that such evidence is inadmissible.

In Williams v. Johnson, 177 Mich., 500, 143 N. W., 627; L. R. A. 1916-E, page 221, the Supreme Court of Michigan said:

''2.  Did the court err in shutting out testimony to the effect that Mr. Williams agreed to pay these taxes? Counsel say this was error; that you may always show what is the consideration for the giving of a deed, —citing Mowrey v. Vandling, 9 Mich., 39; Breitenwischer v. Clough, 111 Mich., 6, and many other cases.  An examination of the cases shows the question arose where the consideration for the deed was involved, and not where a covenant in a deed was to be construed.

''The case of Simanovick v. Wood, 145 Mass., 180, which was an action for breach of a covenant of warranty against incumbrances in a deed, the encumbrance consisting of an unpaid betterment assessment, would seem to be in point.  In that case the court said: 'This is an action of contract on a covenant of warranty against incumbrances in a deed from the defendant to the plaintiff.  It is admitted that an unpaid assessment upon the land was an encumbrance within the covenant.'  Carr v. Dooley, 119 Mass., 294.  The defendant offered to prove, by parol testimony, that at the time the deed was given, and as a part of the consideration, the plaintiff promised to pay said assessment.  This evidence was rightly rejected.  It directly varied and contradicted the written contract of the defendant.  The covenant is against all encumbrances.  The evidence offered was for the purpose of showing an oral agreement that the encumbrance created by the assessment was not within the covenant.  While for some purposes it is competent to show what the real consideration of a deed is, a party cannot, under the guise of showing what the consideration is, prove an oral agreement, either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant.  This would violate the well-settled rule of law

which will not permit a written contract to be varied or controlled by such testimony."

That the foregoing holding is in accordance with the weight of authority is shown by the foot-note where the case is reported in L. R. A., 1916-E, page 211, et seq. We think this holding is also in accordance with our own cases of McGannon v. Farrell, 141 Tenn., 631; Bank v. Barbee, 150 Tenn., 355; Litterer v. Wright, 151 Tenn., 210.

It results that in our opinion the trial court did not err in excluding the parol evidence, and its judgment in favor of the plaintiffs will be affirmed. The costs of the appeal will be taxed against Mr. J. A. Stone, as principal, and Mr. Robt. Burrow, as surety, on the appeal bond.

Portrum and Snodgrass, JJ., concur.