# HANKINS v. WADDELL et al., No. 2.—167 S. W. (2d) 694.

Eastern Section.   June 20, 1942.

Petition for Certiorari denied by Supreme Court, October 3, 1942.

72

Leon E. Easterly, of Greeneville, for appellant.

Dale A. Mysinger, of Greenville, for appellees.

McAMIS, J. This is an action in trover instituted by J. K. Hankins against W. C. Waddell and D. C. Gass to recover the value of a sawmill and engine alleged to have been unlawfully converted to their own use by defendants. The Chancellor dismissed the bill being of opinion defendants' plea of the statute of limitations of three years based upon Code, Section 8598, should be sustained. Complainant has appealed and assigned errors challenging this conclusion of the Chancellor.

The present suit is a sequel of another suit instituted by Hankins against the Receiver of Citizens' National Bank of Greeneville and W. C. Baxter, as Trustee under a deed of trust in favor of the Bank. That suit was finally concluded in the Supreme Court on February 20, 1939,[1] by an adjudication that if there was a conversion of complainant's property the present defendant Waddell was the party converting it and not the Receiver of the Bank and the Trustee under the mortgage or deed of trust. That suit was accordingly dismissed and complainant instituted the present action on April 19, 1939, against Waddell and D. C. Gass who purchased the mill on March 18, 1935, from Waddell. Having sued the wrong parties in his original action, complainant was then met with a plea of the statute of limitations by the defendants Waddell and Gass, with the result already noted.

The Chancellor held that defendants Waddell and Gass had unlawfully converted complainant's mill, evidently upon the ground that at the sale under the deed of trust

---

[1]Not designated for publication.

the property was not present for the inspection of bidders. This holding is in accord with the holding of this court upon appeal in the suit already mentioned and no question is now made of this conclusion of the Chancellor.

It appears that within a few days after the foreclosure sale, complainant having refused to surrender the property, one Hill, acting as agent for representatives of the Bank and others, including Waddell, instituted a replevin action before a Justice of the Peace of Greene County to recover the mill. The justice rendered judgment for plaintiff Hill, Agent, overruling a plea to the jurisdiction upon the ground that the property was worth in excess of $500. Hankins then appealed to the circuit court and, pending this appeal, Waddell, with notice of Hankins' contention that the sale was void and that Hankins was still claiming the property, sold it to Gass for $250. On the same day Gass learned of Hankins' contention with respect to the title and attempted to induce Waddell to rescind the sale but the latter declined to do so.

At the hearing in the circuit court, it was adjudged that the property was worth more than $500, but, in the meantime, it had been taken out of the possession of Hankins, as the record shows, by virtue of the writ of replevin.

We think the plea of the statute of limitations of three years was properly sustained as to the defendant Gass since the property passed into his possession on March 18, 1935, more than three years prior to the institution of the present action. As to him, we think complainant's contention that the statute of limitations was suspended pending the final disposition of the action of replevin cannot be sustained. Gass was not a party to that suit and, so far as his actions were concerned, he dealt with it independent of that proceeding.

■ ■ We have concluded, however, that the learned Chancellor erred in not holding that the replevin action tolled the statute of limitations as to the defendant Waddell and, less than three years having elapsed between the date of the final judgment in the circuit court and the institution of the present suit, erred in sustaining defendant Waddell's plea of the statute.

At the,time of the conversion of the property by Waddell by selling it to Gass, Waddell was under bond to hold the property subject to the orders of the court or account for its value and damages for its unlawful detention at the conclusion of that proceeding in case the court should hold Hankins entitled to retain possession of the property. The effect of the holding of the Chancellor is to put a defendant so placed to his election whether to await the outcome of the replevin action looking to the bond for his protection or sue for the conversion of the property. When it developed that the entire proceeding was void because the property was worth in excess of $500, the limit of the jurisdiction of a Justice of the Peace, Hankins was not entitled to a judgment for the value of the property on the bond. Frazier v. Nashville Gas & Heating Co., 164 Tenn., 8, 46 S. W. (2d), 62. When the right to recourse upon the bond was cut off by the judgment of the circuit court in June, 1936, the action for conversion became, for the first time, absolute and unconditional and we think the statute of limitations began to run on that date. This conclusion was intimated, perhaps by way of dictum, by Judge Portrum, speaking for this court, in disposing of the former suit involving the same property and is supported by the following statement of the rule:

"A cause of action for the conversion of property seized under a writ of replevin wrongfully sued out does not

accrue until the custody of the law is terminated by a final judgment.'' 65 C. J., page 73.

It results that, as to the defendant Waddell, the assignment complaining of the action of the Chancellor in sustaining the plea of the statute of limitations of three years will be sustained.

In behalf of defendant, it is earnestly insisted that, in any event, complainant is not entitled to a decree because of the long delay in bringing the present action and that he is estopped by his failure to protest the conduct of the sale without the property being physically present for inspection of bidders. These questions will be now considered.

As to the long delay, this seems to be explained by the pendency of the former litigation against the Receiver of the Bank and the Trustee who conducted the sale. That action was terminated on February 20, 1939, and the present action was instituted on April 19, 1939. Defendant had already rendered himself liable for conversion even before the final disposition of the replevin action and we are unable to see that he has been prejudiced by the delay which manifestly resulted from a mistake on the part of complainant in suing the wrong party. We think complainant should not be precluded upon that ground, the period being less than that prescribed by the statute for instituting suit.

As to the contention that complainant failed to object to the sale without the physical presence of the property, there is a conflict in the evidence. Complainant testified that he did protest at the sale. Others, including Waddell, say they did not hear the protest if made by complainant. It is clear, however, that it was generally known by some prospective bidders that complainant was objecting to the sale and this doubtless accounts for the

fact that the property brought only $125.00 although it had brought $650 at public sale when an abortive bid was made by another party.

Complainant appears to be a man of limited education while the defendant Waddell is a merchant of many years experience. The validity of the sale depended upon the view taken upon the question of whether the law required the physical presence of the property. This question was of sufficient doubt that the circuit judge in the replevin action and a predecessor of the present Chancellor in the suit against the Bank held that it was not necessary to have the property physically present at the sale. We do not think complainant should be cut off from asserting his legal rights for conversion of the property merely because he remained silent and failed to take a definite position upon this doubtful proposition of law. Defendant Waddell could see that the property was not present and the doctrine of caveat emptor, we think, applies.

It is essential to estoppel that the person claiming it was himself not only destitute of knowledge of the facts, but without available means of obtaining such knowledge; for there can be no estoppel where both parties have the same means of ascertaining the truth. W. C. Early Co. v. Williams, 135 Tenn., 249, 186 S. W., 102, L. R. A. 1916F, 418. And see Parkey v. Ramsey, 111 Tenn., 302, 76 S. W., 812.

Complainant owed defendant no duty to take a position with respect to this obscure legal question. It is well settled that to give rise to an estoppel by silence or inaction there must be not only an opportunity to speak but, in addition, an obligation or duty to do so. The mere fact that another may act to his prejudice if the true state of things is not disclosed does not render

silence culpable or make it operate as an estoppel against one who owes no duty of active diligence to protect the other party from injury. 19 Am. Jur., 663, 664.

■ As already noted, defendant was promptly put upon notice after the foreclosure sale at which he bid in the property and before his conversion of the property by the sale to Gass that complainant was contending that the foreclosure sale was invalid and passed no title. Up to the date of the conversion defendant could have escaped liability by merely restoring the property to the Trustee for another sale and it was his action in making the sale to Gass rather than complainant's failure to protest the absence of the property at the sale, if in fact he failed to make such protest, which resulted in the loss which defendant must bear. It is fundamental that estoppel cannot be invoked without a showing of loss or injury resulting from a change of position by the party against whom the estoppel is urged.

Many of the witnesses place a valuation of from $800 to $1,000 upon the mill and engine. Other witnesses, testifying for defendants, place its value at from $250 to $300. At one sale, as we have noted, it was struck off at $650 and, as also noted herein, the circuit judge found its value to be in excess of $500. Defendant sold it to Gass for $250. It is thus apparent that the property was worth much more than the bid placed by defendant Waddell. Because of his view that complainant's action is barred by the statute of limitations the Chancellor made no finding as to the value of the property and the question is not briefed by counsel in this court. The cause will, therefore, be remanded for a reference to determine the value of the property and if it appears that the amount bid by defendant Waddell was paid to the Trustee under the mortgage and applied, as defendants insist, upon com-

plainant's obligation at the Bank, credit will be allowed for the amount of the bid. Because of the long delay interest may, in the discretion of the Chancellor, be disallowed upon the recovery.

Costs of appeal will be taxed to the defendant Waddell and the taxation of costs below left to the discretionary action of the Chancellor upon the remand.

Portrum and Ailor, JJ., concur.