WEBB *et al. v.* SHULTZ *et al.*

(*Knoxville,* September Term, 1946.)

Opinion filed October 12, 1946.

Rehearing denied October 30, 1946.

O. M. CONNATSER, E. E. CRESWELL and A. M. PAINE, all of Sevierville, for appellants.

W. CLYDE BUHL and IVAN T. PRIVETTE, both of Knoxville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This was a bill for specific performance or in the alternative for damages. The chancellor sustained a demurrer and this appeal resulted.

The original bill filed by the complainants, D. M. Webb and wife, stated in substance that they and the defendants, on July 15, 1943, entered into an agreement whereby the complainants would convey to the defendants a three-

fifths interest in certain real estate situated in Sevier County, and that the three-fifth interest was conveyed to the defendant, Ida Webb Shultz, by two warranty deeds. The complainant, D. M. Webb, conveyed a two-fifths undivided interest in said property, and the complainant, Paralee Webb, wife of D. M. Webb, conveyed to the defendant, Ida Webb Shultz, a one-fifth undivided interest.

The complainants further charged that it was a part of the contract that they should have the right to continue to live on the property and have control of same, rent free, for and during their natural lives, and that the defendants would convey to the complainants a life interest in said land by a proper conveyance in writing when the deeds were executed.

The bill further set forth that the complainants executed the deeds, and at the same time the draftsman who prepared the deeds also prepared a paper writing to be executed by the defendants; that the deeds were delivered to Elsworth Shultz, as agent for Ida Webb Shultz, and it was agreed that the defendants would come to Sevierville the next day, July 16th, 1943, and execute the lease or conveyance of the life estate; that the defendants have been repeatedly asked to execute the lease and have refused to do so.

The bill also charged that the defendants were about to sell the property and sought an injunction.

The demurrer sets up two grounds: first, that the bill seeks to enforce a verbal contract in violation of the statute of frauds, and second, that the bill seeks to vary and contradict the terms of a written instrument.

Section 7831 of Williams' Code provides as follows:

"No action shall be brought:

. . . . . . .

"(4) Upon any contract for the sale of land, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year; or,

. . . . . . .

"Unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized."

There is no statement in either of the deeds, reserving to the grantors a life estate, and there is no statement in them making reference to any outside or separate agreement. Both deeds simply convey outright without any restrictions the interest of both grantors. There does not appear to have been any written instrument signed by the defendants under the statute by which the parties are sought to be charged. There does not appear any statement in the bill that representation was or had been made by the defendants to the effect that any agreement or memorandum in writing had been signed prior to the execution of the deeds by the complainants.

However, complainants insist that in the deed from D. M. Webb to Ida Webb Shultz it was recited that the consideration was $1,250 "and for other good and valuable consideration." It is insisted by complainants that they are under such circumstances entitled to have a specific performance of the contract or in the alternative to have a recovery in damages. They later insisted by an amendment to their bill that the failure of defendants to sign and deliver the lease vesting a life estate in complainants amounts to a fraud on them.

In *Perkins* v. *Cheairs*, 61 Tenn. 194, it was held that a promise to convey lands in the future, though made at the time of taking a conveyance, is within the statute of frauds and void.

In *Walker* v. *Walker*, 2 Tenn. App. 279, it was held that a promise by the purchaser of land to reconvey, or to grant to the vendor certain easements in the premises sold, is as much within the statute as an original contract to convey and must be in writing.

In *Bailey* v. *Henry*, 125 Tenn. 390, 143 S. W. 1124, it was held that the word ''sale'' in our statute of frauds means alienation; and an action on a parole contract made by the owner, binding him to give or donate land to another, would fall within the terms of the statute. It was said that a contrary holding would open a wide door to perjury and fraud and defeat one of the purposes of the statute.

The same rule with reference to the application of the statute of frauds to an oral agreement to reconvey has been upheld in numerous other jurisdictions.

In 49 Am. Jur., Statute of Frauds, sec. 171, it is said: ''An oral agreement between a grantor and a grantee for a reconveyance of the land is a contract for its sale and may fall within the statute, although the agreement to reconvey was made at the time of the conveyance to the promisor, . . . Thus, where land is conveyed by a deed reciting a valuable consideration, although there was no consideration in fact, the grantee's agreement to reconvey at the request of the grantor is held to be within the statute as a contract for the sale of land, and unenforceable, . . . '' (Many cases are cited in the footnote.)

In *John R. O'Reilly, Inc.,* v. *Tillman*, 111 Wash. 594, 191 P. 866, it was held that an oral agreement between

the grantor and the grantee in a deed that the grantor should be allowed one year in which to redeem or take back the property was one relating to real estate and unenforcable under the statute of frauds.

In 27 C. J. 204, 37 C. J. S., Frauds Statute of, sec. 88; it is said: "A life estate in land cannot be created, reserved, relinquished, conveyed, or sold by parol."

In 27 C. J. 209; 37 C. J. S., Frauds, Statute of, sec. 104, it is further said: "In determining whether a parol reservation is valid upon the conveyance of land, the same rules apply that would be applicable as in case of a sale of the thing reserved. If the subject matter is real property, or an interest therein, so that a sale or conveyance thereof must be in writing under the statute of frauds, then a reservation thereof must likewise be in writing."

It is also insisted that the complainants are not seeking to contradict or vary the terms of their written contract, but are seeking simply to show what the true consideration for this conveyance was.

It will be observed that the deeds convey an outright fee. To seek to engraft upon such an outright conveyance a life estate in the grantor therein is certainly an attempt to contradict and vary the terms of such instrument by parol evidence.

In *Stone* v. *Shuttle*, 3 Tenn. App. 274, it was held that while for some purposes it is competent to show what the real consideration of a deed is, a party cannot, under the guise of showing what the consideration is, prove an oral agreement either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant.

It is next insisted that the defendants have acquiesced in the complainants living on the farm since the time it was purchased by them, and the defendants are

estopped to claim that the complainants are not the owners of a life estate.

The rule that the partial performance of a parol contract will not relieve from the application of the statute has become a rule of property. *Goodloe* v. *Goodloe,* 116 Tenn. 252, 92 S. W. 767, 6 L. R. A., N. S., 703, 8 Ann. Cas. 112.

In *Inman* v. *Tucker* 138 Tenn. 512, 198 S. W. 247, it was held that where one goes into possession under a parol donation, he occupies the same relation in respect to his possession as a purchaser by parol.

In *Jennings et al.* v. *Bishop,* 3 Shannon Cas., 138, it was held that partial performance of a parol contract for the sale of land will not take the case out of the statute, and, therefore, neither the taking of possession of land by the parol vendee and permanently improving it, nor the payment of purchase money, will prevent the vendee from electing to avoid the contract.

It is also insisted that the trial court erred in failing to overrule said demurrer on the ground that defendants obtained deeds from complainants through the false and fraudulent representation that they would later sign and deliver the alleged written lease or contract granting to the complainants a life estate in the property.

In *Hackney* v. *Hackney,* 27 Tenn. 452, it was held that the fraud which will take a case from the operation of the statute of frauds is not fraud in making the promise with no intention of complying with it; but a fraud by which the reduction of it to writing is prevented, the parties so intending; and the complainant party being induced to believe that it has been done, and this fraud may be perpetrated in two ways—one by signing a false paper, at the same time inducing the belief that it is the true one, and the other by inducing the belief that the

paper had been signed when in fact it had not. If there was no intention of reducing the promise to writing, or if there were knowledge that though there was an intention of reducing it to writing, that this had not been done, the promise is void under the statute.

It is, therefore, clear that a false promise to sign an instrument in the future is not such fraud as will take the case out of the operation of the statute of frauds.

Taking the complainants' contention in its most favorable light, it is nothing more than an attempt either to specifically enforce or recover damages under an oral agreement which the parties contemplated should later be reduced to writing, and it, therefore, falls squarely within the application of the statute of frauds. Assuming that the statute of frauds has no application, nevertheless the complainants would find themselves in the position of attempting to show that two deeds, which on their face convey an estate in fee simple, were as a matter of fact subject to an antecedent agreement whereby the grantors in said deeds were to retain a life estate in the property therein conveyed. Such a contention would offend the parol evidence rule and be against the contention of the complainants.

We find the decree of the chancellor without error and it is affirmed.