STALLINGS *v.* JONES *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

ELY & ELY, of Knoxville, for complainants.

PRIVETTE & MORTON, of Knoxville, for defendants.

Mr. Chief Justice Neil delivered the opinion of the Court.

The complainant filed his original bill in the chancery court to collect damage for breach of an oral lease, or an oral contract to lease certain real estate, "for as long as the complainant wanted it."[1]

The defendants demurred to the bill on the following grounds:

"(1) There is no equity on the face of the Bill.

"(2) Said Original Bill shows on its face that it seeks to enforce an oral or verbal contract, agreement or lease of land for more than one year in violation of the Statutes of Frauds as set forth in Section 7831 of the 1932 Code of Tennessee, which provides in part as follows:

"'No action shall be brought * * * upon any contract for the sale of lands, tenements or hereditaments or the making of any lease thereof for a longer term than one year * * * unless the promise or agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the parties to be charged therewith or some other person by him there unto lawfully authorized.' "

---

1. The factual situation as set forth in the complainant's bill, and which is conceded to be true by the demurrer, is that prior to March 1948 complainant was operating a "service station" on Magnolia Avenue in Knoxville under an oral lease from the defendant. Whether it was a periodic tenancy or otherwise does not appear in the bill. The building that was thus occupied under the aforesaid lease was torn down when the City of Knoxville undertook the widening of Magnolia Avenue. Following the erection by the defendants of a new building on the old site, it was leased to a new tenant. The bill alleges that the complainant had an understanding with the defendants that when the new building was ready for occupancy "he could have it as long as he wanted it."

It appears that pending the completion of the new building the complainant leased two other filling stations which he operated at a loss. The bill charges the defendants with a breach of the oral agreement which gave complainant the right "to have it as long as he wanted it."

The Chancellor sustained the demurrer and his reason for so doing is thus clearly stated: "The Court holds that the expression in the original bill on page 3, 'that the complainant could have said location as long as the complainant wanted it * * *', is equivalent to a life estate under Section 4 of the Statute of Frauds in Section 7831 of the 1932 Code of Tennessee, and is therefore not good unless the same has been reduced to writing."

The complainant appealed and the sole question made in the assignments of error is that the Chancellor erred in his decision and upon the grounds stated. In support of the assignment the counsel says: "It is our conception of the law governing verbal agreements concerning the leasing of real estate that, where it is capable of being performed within a year, however indefinite it may be and regardless of the fact that it may extend over a period of years, the contract is valid; that the parties by their language must have made such a contract which by its own terms could not be terminated within a year to render it void."

The leading case cited is that of *Hayes* v. *Arrington,* 108 Tenn. 494, 68 S. W. 44, and which was reaffirmed in *Hight* v. *McCulloch,* 150 Tenn. 117, 263 S. W. 794, 796, by Special Justice MALONE, speaking for the Court as follows: "The parol lease for one year was good under the statute of frauds, although it did not expire, according to its terms, for more than one year after the date of the parol contract to lease."

In *East Tennessee V. & G. Railroad Co.* v. *Staub,* 75 Tenn. 397, the Court ruled that an oral promise by the railroad to pay an injured employee a certain sum of money per day, whether "the plaintiff labored or not", and "retain plaintiff in the company's employ", was not void under the statute of frauds, etc.

We feel bound by the Court's construction of the statute in *Hight* v. *McCulloch,* supra, 263 S. W. at page 795, as quoted in this opinion. But the holding in that case, and others cited on the brief, has no application to the case at bar. In those cases the oral lease was for "a term of one year", whereas in the present case the term is "as long as the complainant wanted it." The contract in *East Tennessee V. & G. Railroad Co.* v. *Staub,* supra, was not a contract for the *lease of land.* It is clear that Subsection 5 of Section 7831 was applicable in that case, it relating to contracts in general. In the case at bar the only applicable Section of 7831 is Subsection 4, which provides: "No action shall be brought: (4) upon any contract for the sale of lands, tenements or hereditaments, or the making of any lease thereof for a longer term than one year * * *" unless the same is in writing, etc.

This Subsection of the Code provides against both an oral contract for the *sale* of land and an oral *lease* of land for "a longer term than one year". But, as pointed out in *Hayes* v. *Arrington,* supra, it is not invalid if the term of one year should terminate more than one year from the "making thereof". It rests upon the conclusion reached in *Anderson* v. *May,* 57 Tenn. 84, 90, wherein it was said: "When, therefore, our statute speaks of a lease for a term not exceeding one year, and a contract for a lease for a period not longer than one year, it has reference to the time for the tenant to possess and occupy the premises, and does not include any previous or intermediate time. A lease, therefore, for the term of one year may as well be made to commence at a future day, as at the day of making it. *Young* v. *Dake,* [5 N. Y. 463] 1 Seld., N. Y., 463; Brown on Statute of Frauds, 36; Taylor's Landlord and Tenant, 21."

The language of the lease contract now before us is capable of no other construction than that the complainant may continue in possession of the leased property during his natural life, if he should elect to do so. This in our opinion being a fair and reasonable construction of the contract it amounts to an oral conveyance of a life estate in the land. This is contrary to both the letter and spirit of the law. "A life estate in land cannot be created, reserved, relinquished, conveyed, or sold by a parol executory agreement." 37 C. J. S., Frauds, Statute of, Section 88, p. 590; *Webb* v. *Shultz,* 184 Tenn. 235, 198 S. W. (2d) 333.

In *Sutherland* v. *Drolet,* 154 Wis. 619, 143 N. W. 663, 664, the owner of property made an oral lease to the effect that the tenant might continue to occupy the premises *until the same were sold.* The Court held: "The oral agreement cannot in any proper sense be called a lease for 'a term not exceeding one year,' for its terms may last for many years, and in the present case actually did last for more than two years."

In *Thompson* v. *Baxter,* 107 Minn. 122, 119 N. W. 797, 21 L. R. A., N. S., 575, the Court considered at length the following expression in a lease contract as creating a life estate in the property: "To have and to hold the above-rented premises unto the said party of the second part, his heirs, executors, administrators, and assigns, *for the full term of while he shall wish to live in Albert Lea,* from and after the 1st day of December, 1904." (Emphasis supplied.) To the same effect are the following cases cited in the opinion, viz.: *Warner* v. *Tanner,* 38 Ohio St. 118. In *Mickie* v. *Wood,* 5 Rand., Va., 571, 574, "the grant was to continue so long as the tenant should pay the stipulated rent. It was held a life estate." In *Thomas* v. *Thomas,* 17 N. J. Eq. 356, a right given "to

occupy at a specified annual rent, certain premises 'so long as the devisee may desire to occupy the same as a drug store', amounted to an estate for life.'' It is not deemed necessary to refer to other cases cited in the opinion and annotations.

We think the Chancellor was correct in holding that the oral lease in the case at bar fell within the Statute of Frauds. The assignment of error is overruled and the decree is affirmed.