# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 12, 2014 Session

## GEORGE ERNEST DIGGS v. DAVID LINGO, ET AL.

**Direct Appeal from the Chancery Court for Henry County**
**No. 22364      Donald E. Parish, Judge**

**No. W2014-00525-COA-R3-CV - Filed December 30, 2014**

This is an appeal from an order denying a motion to compel arbitration. The beneficiaries of a trust filed this lawsuit against the trustee alleging trustee self-dealing arising from a transaction in which the trustee and his wife purchased certain real property from the trust as tenants by the entirety. The beneficiaries sought to set aside a portion of the sale. The trustee filed a motion to compel arbitration pursuant to an arbitration clause in the trust agreement. The beneficiaries opposed the motion, arguing that they could not be compelled to arbitrate their claims against the trustee's wife. The trial court agreed and denied the motion. The court found that the trustee's wife was a necessary party to the resolution of the dispute, but because she was not a party to the trust agreement, there was no enforceable arbitration agreement between her and the beneficiaries. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

BRANDON O. GIBSON, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Todd D. Siroky, Jackson, Tennessee, for the appellants, David Lingo and Denise Lingo.

Steve Greer, Paris, Tennessee, for the appellee, George Ernest Diggs.

George Robert Whitfield, III, Paris, Tennessee, for the appellee, Barbara Roberts.

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Solicitor General and Ryan A. Lee, Assistant Attorney General, for the appellee, Tennessee Attorney General.

## OPINION

### I. BACKGROUND AND PROCEDURAL HISTORY

On December 5, 1996, Leon Henderson executed and funded the Leon Henderson Revocable Living Trust Agreement (referred to hereinafter as the "Trust" or "Trust Agreement"). Mr. Henderson amended the Trust Agreement eight times prior to his death. The Trust Agreement provided that its assets be distributed to three individual beneficiaries–Ernest Diggs, David Lingo, and Barbara Roberts–and four charitable beneficiaries at Mr. Henderson's death. In addition to being a named beneficiary, the Trust Agreement designated Mr. Lingo to act as the Trust's sole trustee following Mr. Henderson's death. Mr. Henderson died on December 10, 2011.

On May 1, 2013, Mr. Diggs filed a complaint in Henry County Chancery Court against Mr. Lingo, individually and as trustee of the Trust, and his wife, Denise Lingo. The complaint alleged that Mr. Lingo breached his fiduciary duty to the Trust by engaging in trustee self-dealing. Specifically, the complaint challenged the sale of certain real estate consisting of a residence and several tracts of farm land from the Trust to Mr. and Mrs. Lingo as tenants by the entirety. Mr. Diggs acknowledged that the Trust Agreement gave Mr. Lingo the option to purchase a certain portion of the real estate for "appraised value." He alleged, however, that Mr. Lingo, in his capacity as trustee, sold all of the real estate from the Trust to himself and his wife for $1,743,850, a price well below its recent appraisal value of $2,240,600. Mr. Diggs also alleged that Mr. and Mrs. Lingo financed the entire amount with money borrowed from the Trust payable over a twenty year term with no down payment. Mr. Diggs asked that the court require Mr. Lingo to reimburse the Trust for any bargain received on the purchase of the portion of real estate he had an option to purchase and that the sale of the remainder of the real estate to Mr. and Mrs. Lingo be set aside. In addition to the breach of fiduciary duty claim, Mr. Diggs alleged that Mr. Lingo, as trustee, breached a farm lease agreement Mr. Diggs entered with Mr. Henderson prior to his death and requested that Mr. Lingo be ordered to provide an accounting of the Trust's assets.

On May 30, 2013, Ms. Roberts filed a cross-complaint against Mr. and Mrs. Lingo that alleged trustee self-dealing by Mr. Lingo arising from the sale. Ms. Roberts alleged that Mr. and Mrs. Lingo had been unjustly enriched by Mr. Lingo's wrongful conduct and requested that they be ordered to return the proceeds of such unjust enrichment to the Trust. Additionally, Ms. Roberts asked the court to order a public auction of all of the real estate purchased by the Mr. and Mrs. Lingo, with the proceeds distributed to the beneficiaries in accordance with the Trust Agreement. She also requested a judgment for compensatory and punitive damages be entered against Mr. Lingo.

On July 17, 2013, Mr. Lingo, individually and in his capacity as trustee, and Ms. Lingo answered the complaints. On the same day, Mr. Lingo also filed a motion to compel arbitration pursuant to Section 7.01 of the Trust Agreement. Section 7.01 of the Trust Agreement, titled "Resolution of Conflict," provides as follows:

> Any controversy between the Trustee or Trustees and any other Trustee or Trustees, or between any other parties to this Trust, including Beneficiaries, involving the construction or application of any of the terms, provisions, or conditions of this Trust shall, on the written request of either or any disagreeing party served on the other or others, be submitted to arbitration. The parties to such arbitration shall each appoint one person to hear and determine the dispute and, if they are unable to agree, then the two persons so chosen shall select a third impartial arbitrator whose decision shall be final and conclusive upon both parties. The cost of arbitration shall be borne by the losing party or in such proportion as the arbitrator(s) shall decide. Such arbitration shall comply with the commercial arbitration rules of the American Arbitration Association, 140 West 51st Street, New York, New York 10200.

Mr. Lingo argued that the parties were bound by the arbitration provision and requested that the court enforce the provision and order that Mr. Diggs's and Ms. Roberts's breach of fiduciary duty claims be submitted to binding arbitration.[1] Mr. Diggs and Ms. Roberts each filed responses in opposition to Mr. Lingo's motion to compel arbitration. Subsequently, Ms. Roberts filed a second amended complaint naming the Tennessee Attorney General as a party to represent the interests of charitable beneficiaries,[2] and the Attorney General also filed a response opposing the motion to compel arbitration.

On November 15, 2013, the trial court requested additional briefing from the parties on two issues related to Mr. Lingo's motion to compel arbitration. Specifically, the court asked (1) whether arbitration between the beneficiaries and the trustee would be controlling on Ms. Lingo, and (2) whether, given the number of parties, the court would be able to create a method of selecting the arbitrators and deciding disagreements between them. In response to the court's request, each of the parties filed additional briefs on the issues.

---

[1] Mr. Lingo conceded that Mr. Diggs's complaint for breach of a farm lease agreement was not subject to arbitration.

[2] Tennessee Code Annotated section 35-15-110(b) provides that "[t]he attorney general of this state has the rights of a qualified beneficiary with respect to a charitable trust having its place of administration in this state."

-3-

On February 10, 2014, the trial court entered an order in which it cited three independent reasons for denying Mr. Lingo's motion to compel arbitration. The order stated:

> The Court denies the *Motion To Compel Arbitration* for these reasons, any of which, standing alone, would be a sufficient basis to do so:
>
> 1. Denise Lingo is a necessary participant in any proceeding that seeks to resolve significant parts of this dispute. She cannot be a party to an arbitration conducted under Section 7.01 of the Leon Henderson Revocable Living Trust because she has no interest created by the trust. While Mrs. Lingo has offered to submit herself to arbitration, this offer has not been accepted by the beneficiaries of the trust, other than Mr. Lingo, her husband. Nor can the other beneficiaries be required to abandon their right to proceed against Mrs. Lingo in a court proceeding. Denise Lingo is a necessary party to this litigation. While it may be theoretically possible for the issues to be decided in litigation and in a separate arbitration, which could then be, perhaps, enforced by more litigation, this is not practical. There is also the possibility of inconsistent results coming about from two such parallel proceedings. This possibility should be avoided.
>
> 2. A significant aspect of the dispute involves farm real estate and a residence. T.C.A. § 29-5-302(a) requires that an arbitration provision within a contract regarding such realty be "additionally signed or initialed by the parties." No such additional signature or initialing appears within the Henderson Trust document. Therefore, the arbitration provision which relates to realty is not enforceable.
>
> 3. Section 7.01 of The Henderson Trust contains ambiguities relating to how an arbitration is to proceed when there are, as here, multiple parties. While T.C.A. § 29-5-304 does provide some guidance to a court, it does not address the questions presented here concerning the number of arbitrators, how the arbitrators are to be chosen and what represents an agreement or the lack of an agreement among the arbitrators. These ambiguities and others lead the Court to conclude that the arbitration clause is so unclear as to render that clause unenforceable. It is not appropriate for the Court to essentially create a workable arbitration procedure when the settlor failed to do so himself.

Mr. Lingo filed a notice of appeal from the court's order pursuant to Tennessee Code Annotated section 29-5-319.[3]

## II. ISSUE

The primary issue presented on appeal is whether the trial court erred in denying Mr. Lingo's motion to compel arbitration.

## III. DISCUSSION

A trial court's order on a motion to compel arbitration primarily requires an application of contract law principles. *Rosenberg v. BlueCross BlueShield of Tenn., Inc.*, 219 S.W.3d 892, 903 (Tenn. Ct. App. 2006). We therefore review such orders de novo with no presumption of correctness on appeal. *Id.* To the extent that the trial court makes findings of fact, we review its findings with a presumption of correctness unless the preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d); *T.R. Mills Contractors, Inc. v. WRH Enters., LLC*, 93 S.W.3d 861, 864 (Tenn. Ct. App. 2002).

The trial court's first reason for denying the motion to compel arbitration was premised on its determination that arbitration would not be appropriate in this case because Ms. Lingo is a necessary participant in any proceeding seeking to resolve a significant part of the dispute. Mr. Lingo contends that the trial court erred in ruling that Ms. Lingo is a necessary party. He argues Ms. Lingo is not a necessary party because in the event her interest in the real estate is impaired by the outcome of this dispute, she would have a separate legal remedy against him. We do not agree. Because Mr. Lingo and Ms. Lingo purchased the real estate from the Trust as tenants by the entirety, she is a necessary party to any suit seeking to encumber her interest in it. *See Robinson v. Trousdale Cnty.*, 516 S.W.2d 626, 630 (Tenn. 1974) (quoting *Irwin v. Dawson*, 197 Tenn. 314, 273 S.W.2d 6 (Tenn. 1954)) ("It is well settled in this State that a husband cannot dispose of his wife's interest in an estate owned as by the tenants by the entirety, and cannot sell or encumber anything but his interest." ).

Arbitration clauses are not binding on third parties who are not parties to the contract. *Cocke Cnty. Bd. of Highway Com'rs v. Newport Utils. Bd.*, 690 S.W.2d 231, 237 (Tenn. 1985). Accordingly, the only parties contractually bound by the Trust Agreement's

---

[3]Tennessee Code Annotated section 29-5-319 provides that an appeal may be taken from an order denying an application to compel arbitration.

arbitration clause are Mr. Lingo and the beneficiaries.[4]  Mr. Lingo argues that the trial court should have enforced the arbitration clause against Ms. Lingo because she consented to be bound by it.  Mr. Lingo argues that such consent constitutes an enforceable agreement to arbitrate.  We find this argument unconvincing.  Rather, we find that Ms. Lingo's statement of consent was an offer to the beneficiaries to be bound by the arbitrator's decision.  Apart from Mr. Lingo, however, none of the beneficiaries accepted Ms. Lingo's offer.  Ms. Lingo may offer to be bound to the arbitration, but unless that offer is accepted by the beneficiaries, she cannot compel the beneficiaries to arbitrate their claims against her.  In the absence of any agreement between the beneficiaries and Ms. Lingo, the trial court correctly determined that beneficiaries cannot be held to have forfeited their right to proceed against her in court. *See River Links at Deer Creek, LLC v. Melz*, 108 S.W.3d 855, 859-860 (Tenn. Ct. App. 2002) ("A party cannot be compelled to arbitrate in the absence of a contractual obligation.").

In light of its determination that the beneficiaries cannot be compelled to arbitrate with Ms. Lingo, the trial court observed that it would be preferable to settle the issue as to both Mr. Lingo and Ms. Lingo in the courts.  The court stated that although, in theory, the same issue could be decided in litigation as to Ms. Lingo and in arbitration as to Mr. Lingo, such parallel proceedings would not be practical and could lead to inconsistent results. Moreover, those parallel proceedings would defeat the very purpose of arbitration.  The major advantages of resolving disputes through arbitration are its speed, lack of expense, and finality of decisions. *Buraczynski v. Eyring*, 919 S.W.2d 314, 318 n.3 (Tenn. 1996).  In a case such as this one, where a single claim must be resolved as to two defendants, only one of which is subject to arbitration, a comprehensive resolution cannot be obtained through an arbitration proceeding.  Such a scenario negates the advantages of arbitration.  Accordingly, under the circumstances presented by this case, the fact that the beneficiaries could not be forced to submit their claims against Ms. Lingo to arbitration was sufficient grounds for the trial court to reject Mr. Lingo's motion to compel arbitration.

Because disposition of the issues to this point is sufficient to uphold the trial court's judgment, further issues raised by the appellant are pretermitted.

Finally, we note that in her appellate brief, Ms. Roberts contends that the appellants failed to properly present issues for our review on appeal.  She therefore requests that we declare this appeal frivolous and order an award of reasonable attorney's fees, costs, and expenses associated with this appeal to the appellees pursuant to Tennessee Code Annotated

---

[4]Before an intended third-party beneficiary of a contract may accept the benefits of a contract, he must accept all of its obligations. *Benton v. Vanderbilt Univ.*, 137 S.W.3d 614, 618 (Tenn. 2004). Accordingly, the beneficiaries of the Trust Agreement, in order to accept its benefits, must accept the obligation to arbitrate disputes.

section 27-1-122.[5]  The decision whether to award such damages rests solely in the discretion of this Court.  *Whalum v. Marshall*, 224 S.W.3d 169, 180–181 (Tenn. Ct. App. 2006).  We decline to grant such an award in this case.

## IV.  HOLDING

In light of the foregoing, we affirm the decision of the trial court to deny Mr. Lingo's motion to compel arbitration.  Costs of this appeal are taxed to the appellants, David Lingo and Denise Lingo, and their surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

---

[5]Tennessee Code Annotated section 27-1-122 states:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.