# BOUTWELL v. LEWIS BROS. LUMBER CO. et al.—
## No. 1.—182 S. W. (2d) 1.

Eastern Section.   February 15, 1944.

Petition for Certiorari denied by Supreme Court, June 10, 1944.

462

Mae R. Stricklin, of Wartburg, and J. W. Stone, of Harriman, for appellant.

J. H. McCartt, of Wartburg, for appellees.

McAMIS, J. This is an action to recover for the breach of an alleged parol contract to haul all of the lumber manufactured by defendants for a period of one year. After hearing complainant's testimony the Chancellor dismissed the bill upon the ground that the contract was not to be performed within one year from the making thereof and is, therefore, voidable under subsection 5 of the Statute of Frauds, Code, section 7831. Complainant appeals.

Complainant testified before the defense of the Statute of Frauds was interposed and his testimony leaves certain material aspects of that question to some extent undeveloped. However, his testimony in substance is that about March 1, 1939, he entered into a contract with defendants by which he was given the exclusive right to haul, by truck, for a period of one year, all of the lumber manufactured by defendants at Sunbright, Tennessee. At one point in his testimony he says he was to begin hauling as soon as he moved into a house on defendants' premises and that he moved there on March 11, 1939. In response to a question from the Court, he said the one

year period began on March 11, 1939, and ended on March 11, 1940. However, he also testified positively that the matter of his moving into defendants'-house- was not mentioned until the trucking contract had been closed and, according to complainant's witness Barnes, complainant was told to begin hauling "right away" and "Earl (defendants' representative) asked him to move over into one of the Company houses in the yards so he would be close and handy for him."

The Chancellor seems to have based his conclusion that the contract was not to be performed within one year upon complainant's testimony that the execution of the contract was not to begin until he moved into the house, apparently reasoning that this did not occur until March 11, 1939, several days after the contract was made, and that, therefore, the contract could not have been executed within one year of its making. This is a non sequitur.

The positive testimony is that the contract was made before any mention of complainant moving into the house and that performance of the contract was to begin "right away", but, even if the two transactions be treated as parts of a single and indivisible agreement, there was no agreement that complainant would refrain from moving until any particular date that would render the agreement incapable of performance within a year from the making thereof. If he had moved into the house as he might have done on the day the contract was made or (under the statutory method of computing time by excluding the first day of the period, Code, Section 11) the next day (37 C. J. S., Frauds, Statute of, section 62, p. 570), the contract would have been fully executed "within one year from the making thereof". The eventuality that he did not move until too late for the contract

to be actually and fully executed within one year does not bring it within the statute.

■ The term "to be performed within one year from the making thereof" has been construed to mean that the contract, by express appointment or understanding of the parties, is not to be performed within a year. See Johnston v. Cincinnati, N. O. & T. P. R. Co., 146 Tenn. 135, 147, 240 S. W. 429, 432, where, apropos here, it was said: ". . . it must appear either from the inherent nature of the contract, or from the words or actions of the parties at the time, that such an understanding was a part and parcel of the agreement itself."

■■ The mere fact that the contract might continue for more than a year does not bring it within the statute, as, for example, where the agreement is to continue during the life of the promisee. East Tennessee, V. & G. R. Co. v. Staub, 75 Tenn. 397. Nor is improbability of performance sufficient if the contract is susceptible of being performed within the year:

"The question is not what the probable, expected, or actual performance of the contract may be, but whether, according to the reasonable interpretation of its terms, it requires that it should not be performed within the year. Unless the court, looking at the contract in view of the surroundings, can say that in no reasonable probability can such agreement be performed within the year, it is its duty to uphold the contract." 37 C. J. S., Frauds, Statute of, section 53, p. 561.

To the same effect is the rule announced in Restatement of the Law of Contracts, Section 198, Comment b.

■ While verbal employment contracts for a year from some future date are invalid under the statute, a contract of hiring for one year without stating when the employee is to begin work gives the employee the

right to commence at once and is not invalidated because no services are performed for several days after the making of the contract. Holcomb & Hoke Mfg. Co. v. Younge, 103 Ind. App. 439, 8 N. E. (2d) 426; Ross v. Columbus Mining Co., 204 Ky. 474, 264 S. W. 1071, 1073.

We do not have a case in this State involving an employment contract under circumstances like those in the present case but the principles underlying our cases under this section of the Statute seem to us to support the contract here involved. The purpose of the Statute was to prevent the proof of verbal agreements after the memory of witnesses has been dimmed by lapse of time and to prevent frauds. It should be construed and applied in a manner to carry out rather than defeat its purpose.

We are not content to hold the alleged contract invalid in the present undeveloped state of the record on the question of the application of the statute of frauds. If, as might be inferred despite complainant's conclusion as a layman that the contract did not commence until he moved into defendants' house, the hauling contract was closed before complainant decided to move into defendants' house, it is obvious under the proof that there was nothing in the understanding of the parties to prevent complainant from going to work as soon as the contract was made. Under the authorities cited the contract, in that case, would not be invalid.

Even rejecting that view and holding that the contract was not to be executed until complainant moved into defendants' house, so far as appears, he could have moved the day the contract was made or the following day so that the contract was not incapable of performance within the year.

This view of a similar employment contract was approved by the Supreme Court of Michigan in a case where the contract was made on May 24, 1923, for one year to begin July 15, 1923 "or sooner if possible". Commenting on the effect of such an agreement the court said: "By its terms, plaintiff could have commenced work the day he sent his letter of acceptance or the following day. This court has uniformly recognized the rule that a contract is not within the statute if by its terms it is capable or possible of performance within the year."

The assignments complaining of the action of the learned Chancellor in dismissing the bill will be sustained and the cause remanded for trial.

█ The assignment that the Chancellor erred in permitting defendants to file their plea of the statute of frauds after complainant had testified is overruled. This was a matter within the discretion of the Chancellor and there was no abuse of discretion.

█ Complaint is also made of the action of the Chancellor overruling complainant's exceptions to the sufficiency of the discovery sought by the bill. The prayer of the bill was for a discovery showing the names of persons operating trucks on defendants' yard or on trips from the yard to other points during the period of the contract, the time worked and the mileage travelled. The bill alleged that complainant was to be paid by the hour for hauling within the yard and on a mileage basis for hauling outside the yard.

Responding to this prayer defendants filed a sworn exhibit to their answer giving the names of persons so engaged in hauling outside the yard, the date of such trips, the number of feet of lumber hauled, destination on each trip and the amount paid to each of such persons. We think this a sufficient response as to trips outside the

yard since all necessary and material information is given except the mileage travelled and that can be determined by the aid of proof within complainant's ability to produce. However, there is no discovery as to hauling done within the yard and, to that extent, the answer is incomplete. The assignment is sustained to the extent of requiring defendants to amend their answer by giving complainant the benefit of a discovery of such information.

Tax costs of appeal to defendants. Costs below will await the final result.

Hale and Burnett, J.J., concur.