YATES *v.* SKAGGS.

(*Nashville*, December Term, 1947.)

Opinion filed July 17, 1948.

Taylor & Taylor, of Memphis, for appellant.

Charles M. Skaggs, of Memphis, pro se.

Mr. Justice Tomlinson delivered the opinion of the Court.

Yates filed this bill to procure specific performance of a contract upon which the bill alleges that he and Skaggs mutually agreed. An agreement of November 12, 1947 alleged to have been executed by the parties, and an unsigned memorandum alleged by the bill to have been prepared by Skaggs and delivered to Yates were, when read together, alleged to have been the contract in question. They were made exhibits to and a part of the bill.

The contract is alleged by the bill is one which, within the intention of the parties, is not to be performed within the space of one year from its making. Therefore, the Chancellor sustained Skaggs' demurrer directed to the proposition that the suit could not be maintained because on the face of the bill it was shown that the alleged contract in question came within that provision of Code Section 7831 providing that:

"No action shall be brought: . . .

"(5) Upon any agreement or contract which is not to be performed within the space of one year from the making thereof;

"Unless the . . . agreement . . . or some memorandum . . . thereof, shall be in writing and signed by the party to be charged therewith . . . "

Other than as to a question of practice, the appeal of Yates to this Court from the decree sustaining the demurrer presents only the question of whether the writings alleged by the bill satisfy the requirements of the above quoted provision of our statute of frauds.

■ The question of practice just referred to is presented by the insistence of appellant to the effect that the application of the statute of frauds to an alleged contract sued upon cannot be tested by demurrer. We think the practice, as well as precedent, permits this course in cases where the agreement sued upon is set out in the bill with the paperwritings relied upon to prove the contract, as in the case at bar. In *Lusky* v. *Keiser*, 128 Tenn. 705, 164 S. W. 777, L. R. A. 1915C, 400, the application of the statute was tested by demurrer and that demurrer was sustained by the Chancellor. This Court affirmed the decree of the Chancellor without questioning the practice. The practice was specifically approved in the case of *Frierson* v. *Gant*, 23 Tenn. App., 428, 433, 134 S. W. (2d) 193. This Court denied *certiorari* in that case.

■ The purpose of the statute of frauds is to prevent fraudulent contracts from being established by perjured testimony. *Huffine* v. *McCampbell*, 149 Tenn. 47, 77, 257 S. W. 80. As so well stated by Judge McAmis in the case of *Boutwell* v. *Lewis Bros. Lbr. Co.*, 27 Tenn. App. 460, 465, 182 S. W. (2d) 1, 3, the statute "should be construed and applied in a manner to carry out rather than defeat its purpose". This controlling purpose is kept in mind in our consideration of the question presented by this appeal. In such consideration, we are deprived of the benefits of the views of solicitor for appellee, Skaggs, by reason of the fact that no reply brief has been filed. Further, since the case is here upon demurrer of Skaggs, we must consider Skaggs as having admitted as true the bill's material allegations of fact.

The agreement which was executed by both Yates and Skaggs reads as follows:

"This Memorandum of Agreement entered into by and between Charles M. Skaggs and Wade Yates this 12th

day of November, 1947, is to witness the fact that we, the said Skaggs and Yates, have on this date entered into an Agreement, the general terms of which are decided upon; under which Skaggs is to grant to Yates an exclusive franchise in a territory embodying Tennessee, east of the Tennessee River; Kentucky, east of the Tennessee River; North Carolina; Ohio; Virginia and West Virginia.

"The specific conditions of this agreement are to be embodied in a written franchise contract now in the course of preparation.

"Signed this 12th day of November, 1947."

The bill alleges that "subsequent to the signing of" the above contract, Skaggs presented Yates "his written franchise agreement and submitted it to him for his acceptance, whereupon the complainant accepted and agreed to sign the same. The defendant, however, refused to sign the agreement as he had contracted to do and has since refused to sign the contract."

■ ■ "The written franchise agreement" prepared and submitted by Skaggs subsequent to the execution of the contract above set out is made an exhibit to and a part of the bill. That written franchise agreement is not signed by Skaggs. In as much, however, as Skaggs prepared and presented the instrument, it is clear beyond peradventure of doubt that there is no possibility of the contract relied upon in this case being established against Skaggs by perjured testimony. That unsigned paperwriting specifies in detail the terms of the alleged agreement between Yates and Skaggs. If that unsigned agreement can legally be connected with the agreement which was signed by Yates and Skaggs, then the requirements of the statute of frauds have been met, because the set-

tled rule is that it is not ''necessary that the contract should be contained in a single document''. *Blair* v. *Snodgrass*, 33 Tenn. 1, 26; *Huffine* v. *McCampbell, supra,* 149 Tenn. at page 76, 257 S. W. 80. Nor is it ''essential that the party charged should have subscribed each paper forming a link in the chain of evidence.'' *Williams* v. *Buntin*, 4 Tenn. App. 340, 355, being a case in which *certiorari* was denied by this Court. In 85 A. L. R., page 1193 numerous cases are cited in support of the statement of the annotator as to facts said to be quite similar to the situation here on the point under discussion that: ''It has been held that a signed paper and an unsigned paper to which it refers may constitute a sufficient memorandum, although the unsigned paper has not been delivered, or has not yet been prepared at the time when the paper which refers to it is signed.'' Though there is one difference in facts, the New Jersey case of *Charlton* v. *Columbia Real Estate Company,* 67 N. J. Eq. 629, 60 A. 192, 69 L. R. A. 394, 110 Am. St. Rep. 495, 3 Ann. Cas. 402, is quite applicable as to the principle involved.

When it is sought to establish the contract by two or more paperwritings, one of which is signed by the party sought to be charged and the other is not, the rule is that the two paperwritings ''must afford intrinsic proof that they relate to the same contract . . . '' *Blair* v. *Snodgrass, supra,* 33 Tenn. at page 26. When such intrinsic proof of the connection of the two papers exists, then the two will ''serve as a sufficient memorandum''. *Huffine* v. *McCampbell, supra,* 149 Tenn. at page 76, 257 S. W. at page 88. However, ''the relation of one paper to another must appear upon the face of the writings relied upon . . . One writing may be connected with another either expressly or by internal evi-

dence of subject matter and occasion. . . . All that the statute requires is written evidence from which the whole contract may be made out". *Williams* v. *Buntin, supra,* 4 Tenn. App. at page 358.

The applicable rule just stated reduces the problem here to a question of whether the paperwriting signed by Skaggs and the paperwriting prepared and submitted by Skaggs thereafter to Yates "afford intrinsic proof that they relate to the same contract".

The signed agreement recites that there is "now in the course of preparation" a contract wherein the specific conditions of "the franchise contract" "are to be embodied". This signed agreement is dated November 12, 1947. The unsigned paperwriting which Skaggs thereafter prepared and submitted to Yates for signature recites that the agreement is entered into "this —— day of November 1947". The agreement signed by the parties recites that the agreement which is to be drawn is with reference to "an exclusive franchise in a territory embodying Tennessee, east of the Tennessee River; Kentucky, east of the Tennessee River; North Carolina; Ohio; Virginia and West Virginia". The unsigned paperwriting prepared by Skaggs and delivered to Yates for his signature subsequent to the execution of the written agreement is captioned a "Territorial Franchise Agreement". Immediately following the premises, this unsigned paperwriting which Skaggs admits by his demurrer that he prepared and delivered to Yates subsequent to the execution of the signed agreement recites that Skaggs grants to Yates the right to make, sell, etc., awnings under an invention of Skaggs "within and throughout the territory described as including the State of Tennessee east of the Tennessee River, the State of

Kentucky east of the Tennessee River, and the States of North Carolina, Ohio, Virginia and West Virginia."

■ From this examination of the two paperwritings, each in the light of the other, we think "there can be no other reasonable conclusion from the evidence thus afforded than that" the unsigned paperwriting which Skaggs prepared and delivered to Yates for his signature was written and delivered by him with reference to the agreement of November 12, 1947 which he did sign. By its provisions, there is such reference to the agreement which Skaggs signed, though not in express terms, as to connect it with the previous paper, and thereby constitute the two writings as the contract between the parties. It being admitted by Skaggs that he prepared and delivered for signature to Yates the unsigned paperwriting, there is no possible danger of fraud and perjury.

It is apparent from our above discussion that the decree of the Chancellor must be reversed, and remanded for further appropriate proceedings. However, in doing so we are not to be understood as expressing any opinion with reference to the discretion which is vested in the Chancellor with reference to the specific performance of contracts or of the particular contract involved here.

Reversed and remanded for further appropriate proceedings. The cost of this appeal will be adjudged against Skaggs. The Chancellor will adjudge at the proper time the cost in the Court below.

All Concur.