**BML INVESTMENTS, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

**No. CIV-3-87-164.**

United States District Court,
E.D. Tennessee, N.D.

March 10, 1989.

W.P. Boone Dougherty, Lenoir City, Tenn., for plaintiff.

Anne C. Sanders and Boyd D. Venable, III, Federal Deposit Ins. Corp., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

JORDAN, District Judge.

This is a civil action in which the plaintiff alleges it contracted to purchase from the defendant certain real property which the defendant offered for sale at a public auction. The defendant was the beneficiary by assignment of a deed of trust which covered the real property. The lien of this deed of trust was foreclosed by the auction sale at which the plaintiff or someone on its behalf submitted the highest bid to purchase the real property.

The controversy arises out of the fact that the plaintiff, or the person who attended the auction on its behalf, believed that the tract being offered for sale included a parcel of land upon which a restaurant sits. This restaurant parcel was actually excluded from the description of the land offered

for sale in the substitute trustee's published notice of the foreclosure auction sale, and was also excluded from the similar description in the contract by which the plaintiff agreed to purchase the real property from the defendant.

■ The defendant moves for a summary judgment of dismissal of the plaintiff's action on the ground that the plaintiff has not proved any written promise, agreement, memorandum or note signed by the defendant and providing for the sale of the restaurant parcel, as required by the Statute of Frauds, Tennessee Code Annotated sec. 29–2–101(4). [Doc. 29.] The plaintiff has not responded to this motion within the 20 days provided by L.R. 10.1, E.D. Tenn., although the plaintiff did submit a brief [Doc. 12] concerning the Statute of Frauds issue in response to the defendant's earlier motion to dismiss. [Doc. 9.] The plaintiff may not, of course, rely upon its pleadings to show the existence of a genuine issue of material fact. Fed.R.Civ.P. 56(e). However, the Court must view all of the evidence submitted by the defendant, and any inferences to be drawn from that evidence, "in a light most favorable to the non-moving party." *D.L. Auld Company v. Chroma Graphics Corporation*, 714 F.2d 1144, 1146 (Fed.Cir.1983), *on subsequent appeal*, 753 F.2d 1029 (Fed. Cir.), *cert. denied*, 474 U.S. 825, 106 S.Ct. 83, 88 L.Ed.2d 68 (1985).

The evidence submitted by the defendant includes the affidavit of the substitute trustee who offered the real property for sale at auction, to which are attached a copy of the notice of the sale which she published in a Knoxville, Tennessee newspaper, and a copy of the contract which W. J. Goodman and the substitute trustee signed after the former had submitted the highest bid for the purchase of the property offered at auction. [Doc. 29A.] The land descriptions in both the notice of sale and the purchase contract include an exception for "the portion [of the land described] released from the effect of such trust deed [under which the substitute trustee's foreclosure sale was held] in Release Book 116, page 75 of record in the Register's office for Knox County, Tennessee." That this released portion is the restaurant parcel is proved by a comparison of the description of the demised premises in the copy of the lease agreement to which the restaurant owner was a party, which is attached to the defendant's brief [Doc. 29A], with the description in the certified copy of the partial release earlier filed in this Court by the defendant. [Doc. 9A.] This parcel was released from the lien of the assigned deed of trust by the defendant's predecessor in interest. Therefore the substitute trustee could never have acquired by foreclosure any title to this parcel.

This was a matter of record which could have been ascertained by the plaintiff, prior to the auction sale, by a title examination and a survey. It is clear from the excerpts from transcripts of the depositions of Mr. Goodman and of Steven Fieldman, Esq., a Florida attorney who was representing the plaintiff in its transaction with the defendant, which are attached to the defendant's brief [Doc. 29A], that this was not done. The plaintiff ordered a survey and a title examination only after Mr. Goodman signed the purchase contract and the plaintiff wire-transferred its deposit of a portion of the purchase price.

Treating the evidence presented in the light most favorable to the plaintiff, for the purposes of the Court's consideration of the defendant's motion for summary judgment, it appears that a representative of the defendant told Mr. Goodman of the plaintiff at least once prior to the auction sale that the tract to be offered for sale included the restaurant parcel. The substitute trustee made this representation, too, at the auction sale before the bidding began. However, the plaintiff has not submitted any written undertaking by the defendant to convey this parcel to the plaintiff.

Following the auction sale and the parties' signing of the real property purchase contract, Mr. Goodman of the plaintiff requested Ronald W. Brown of the defendant to supply some documentary information about the real property which the plaintiff had agreed to purchase. Mr. Brown sent to Mr. Goodman a copy of a mortgagee

title insurance policy which had been issued to the defendant's predecessor in interest as the beneficiary of the deed of trust from which the substitute trustee derived her authority to offer the real property for sale at auction. Mr. Brown also sent to Mr. Goodman a copy of a billboard lease agreement under which the lessee was permitted to display billboards on the land purchased by the plaintiff, and a copy of the lease agreement by which the restaurant parcel was demised to the restaurant owner.

The copy of the title insurance policy provided by the defendant with its brief [Doc. 29A] refers only to the recorded deed of trust which was eventually assigned to the defendant. It does not contain a metes-and-bounds description of the real property covered by the deed of trust. It also does not contain any reference to the recorded partial release by which the restaurant parcel was released from the lien of the insured deed of trust, since the title insurance policy was issued prior to this partial release. Mr. Brown's cover letter to Mr. Goodman states in part that the copy of the title insurance policy is provided as a courtesy only, and that no reliance should be placed upon its contents in deciding whether to purchase the subject property.

It is clear from the excerpts from the transcript of Attorney Fielding's deposition provided by the defendant with its brief [Doc. 29A] that, prior to the closing of the parties' transaction, the plaintiff learned that the real property to be conveyed by the defendant did not include the restaurant parcel. Nevertheless, the plaintiff exchanged its check for the balance of the purchase price for a deed, and the parties closed the transaction. The deed by which the defendant conveyed the real property sold to the plaintiff, a certified copy of which the plaintiff filed earlier in this Court [Doc. 9A], contains the same exception for the restaurant parcel as is contained in the substitute trustee's notice of auction sale and in the parties' contract signed after the close of the bidding at the auction sale.

"The sale of land by a trustee under authority of a trust deed is within the purview of the Statutes of Frauds." *Fortner v. Wilkinson*, 210 Tenn. 201, 204, 357 S.W.2d 63, 64 (1962) (citation omitted). It is a rule of property in Tennessee that partial performance of a parol contract for the sale of land does not take the contract out of the purview of the Statute of Frauds. *Baliles v. Cities Service Company*, 578 S.W.2d 621, 624 (Tenn.1979) (citation omitted). The only writing in evidence which suggests an agreement that the defendant would sell the restaurant parcel to the plaintiff is the letter from Mr. Brown of the defendant to Mr. Goodman of the plaintiff supplying to the latter copies of the pertinent mortgagee title insurance policy and of the lease agreement which covered the restaurant parcel. However, Mr. Brown made it clear in his letter that the copy of the title insurance policy was provided as a courtesy only, and so this policy cannot be said to have become part of the parties' agreement even assuming that it was an unequivocal expression of an intent to convey the restaurant parcel. As for the delivery of the copy of the lease agreement, while it does seem to indicate that Mr. Brown assumed at that time that the restaurant parcel was part of the larger tract which the plaintiff was purchasing, it likewise is not an unequivocal expression of an intent to convey the restaurant parcel. The signed agreement and the copy of the lease agreement could be treated as one memorandum, but only if the two writings provided intrinsic proof that they were related to one another as part of the same contract. *Yates v. Skaggs*, 187 Tenn. 149, 154, 213 S.W.2d 41, 44 (1948) (citations omitted). This is not the case here, particularly in light of the fact that the parties' signed contract excludes from the description of the land to be conveyed exactly the parcel covered by the lease agreement.

■ The harshness of the rule of the Statute of Frauds as it applies to contracts for the sale of land can be mitigated by the application of the doctrine of equitable estoppel. *Baliles v. Cities Service Company*, 578 S.W.2d 621, 624 (Tenn.1979) (citations omitted). However, it is unnecessary to consider in this case whether the application of the doctrine of equitable estoppel

against a corporation of the United States is appropriate, because equitable estoppel would not be appropriate in this case even if the defendant were a private party. The plaintiff had an opportunity to determine prior to bidding for the purchase of the real property, from public records, the exact extent of the property being offered for sale at auction. Furthermore, even after discovering that the restaurant parcel was not included in the land which it had agreed to purchase, the plaintiff chose to go forward with the transaction with the defendant, and accepted the delivery of a deed which excluded the restaurant parcel from the land conveyed. Therefore, the plaintiff cannot say that it reasonably relied to its detriment upon representations made by the defendant without an opportunity to determine the exact extent of what it believed it was buying.

For the reasons stated, the defendant's motion for summary judgment [Doc. 29] will be granted.