# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

April 29, 1998

Cecil W. Crowson
Appellate Court Clerk

MELVIN VAUGHN and wife     )
MAJORIE VAUGHN,     )
    )
    Plaintiffs/Appellees,     )     Rutherford Circuit
    )     No. 36038
VS.     )
    )     Appeal No.
STEPHEN R. KING and wife     )     01A01-9707-CV-00330
SHIRLEY A. KING,     )
    )
    Defendants/Appellants.     )

## APPEAL FROM THE CIRCUIT COURT
## FOR RUTHERFORD COUNTY
## AT MURFREESBORO, TENNESSEE

## THE HONORABLE ROBERT E. CORLEW, JUDGE

For Plaintiffs/Appellees:          For Defendants/Appellants:

Frank M. Fly          Phillip M. George
N. Andy Myrick, Jr.          Smyrna, Tennessee
Murfreesboro, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# OPINION

This appeal involves a dispute concerning the payment of the consideration for the conveyance of residential property in Smyrna. After the purchasers ceased making the agreed upon payments, the sellers filed suit in the Circuit Court for Rutherford County seeking to recover the unpaid balance of the purchase price. The purchasers attempted to avoid liability by asserting that the statute of frauds barred the sellers' claim. The trial court denied the purchasers' motion for summary judgment, and a jury awarded the sellers a $42,864 judgment. We have determined that the trial court correctly determined that the statute of frauds did not bar the sellers' action and, therefore, affirm the judgment.

## I.

Melvin and Majorie Vaughn and Stephen and Shirley King live in Rutherford County. On August 31, 1994, the Kings agreed to purchase the Vaughns' home at 6155 Lee Avenue in Smyrna for $50,000. On that same day, the Vaughns executed a warranty deed conveying the property to the Kings, and the Kings claim that they paid the Vaughns the full $50,000 purchase price in cash. The Vaughns, on the other hand, assert that the Kings paid them only $5,000 and that the Kings promised to pay them $356 per month until the purchase price was fully paid. The Kings did not give the Vaughns a promissory note, and the Vaughns did not take a deed of trust on the conveyed property.

According to the Vaughns, the Kings made their payments for six months and then stopped paying. On January 8, 1996, the Vaughns sued the Kings in Rutherford County Circuit Court for the balance of the purchase price. The Kings filed an answer admitting that they bought the Lee Avenue property; however, they denied the existence of any written memorandum of their agreement other than the deed and raised the statute of frauds as an affirmative defense. The Kings later moved for summary judgment asserting their statute of frauds defense because the Vaughns could not produce a written instrument evidencing their obligation to pay for the property in installment payments. The trial court considered and denied the motion. Thereafter, the parties tried this case to a jury, and the jury found that the Kings owed the Vaughns the unpaid balance of the purchase price. On June 25, 1997, the court entered judgment on the jury verdict for the Vaughns in the amount of $42,864. The Kings have appealed.

## II.

The only issue on appeal is whether the Vaughns' lawsuit to recover the balance alleged due for the sale of the property is legally barred by Tenn. Code Ann. § 29-2-101(a)(4), (5) (Supp. 1997).[1] Because the underlying transaction in this case involved the sale of real estate and the alleged monthly payments were to stretch beyond one year, the Kings maintain that they cannot be held liable because the Vaughns never produced a deed of trust, a promissory note, or any other writing signed by the Kings. In the appellants' words, "Without a written agreement, there is simply no contract upon which the Kings can be held liable."

The statute of frauds is intended to reduce contracts to a certainty, *Baliles v. Cities Serv. Co.*, 578 S.W.2d 621, 623 (Tenn. 1979), and to prevent non-existent contracts from being set up against innocent parties by perjured testimony. *Yates v. Skaggs*, 187 Tenn. 149, 152, 213 S.W.2d 41, 43 (1948). In the context of land contracts, the statute of frauds is intended to protect real estate owners and to promote the settling of titles. *Irwin v. Dawson*, 197 Tenn. 314, 317, 273 S.W.2d 6, 7 (1954). Consistent with that intention, "the party to be charged therewith" ordinarily refers to the property owner. *Crum v. Lawing*, No. 03A01-9610-CH-00320, 1997 WL 243506, at *1 (Tenn. Ct. App. May 13, 1997) (No Tenn. R. App. P. 11 perm. app. filed); *Patterson v. Davis*, 28 Tenn. App. 571, 577, 192 S.W.2d 227, 229 (1945). Thus, with regard to the sale of real estate, a deed executed by the seller showing the fact of a sale, the consideration for the sale, and giving a description of the land will satisfy the statute of frauds. *Southern States Dev. Co., Inc. v. Robinson*, 494 S.W.2d 777, 782 (Tenn. Ct. App. 1972). Once the statute of frauds has been thus satisfied, performance or non-performance of the agreement terms may be shown by oral testimony. *Kirk v. Williams*, 24 F. 437, 446 (W.D. Tenn. 1885) (applying Tennessee law); *Southern States Dev. Co., Inc. v. Robinson*, 494 S.W.2d at 782.[2]

No one in this case disputes that the Vaughns agreed to sell the Smyrna property to the Kings for $50,000. The executed warranty deed gives a description of the land and shows that the Vaughns performed their part of the agreement by conveying the property at the agreed price. Thus, the only dispute in this case was not whether any agreement existed to sell the real estate but rather whether the Kings defaulted in their performance under that agreement. The statute of frauds provides no defense to that dispute.

---

[1]The Kings have not appealed the jury verdict and are not arguing that the evidence preponderates against that verdict.

[2]We note also that in land contracts, once the grantor conveys the real estate, the buyer's return promise to pay for it becomes enforceable without reference to the statute of frauds; in that case the statute provides no defense to the buyer's failure to pay. *Restatement (Second) of Contracts* § 125(3), cmt. e, illus. 11 (1981).

Summary judgment should only be granted where the moving party demonstrates that on the undisputed facts he or she is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993); *Mansfield v. Colonial Freight Sys.*, 862 S.W.2d 527, 530 (Tenn. Ct. App. 1993). Because in this case the statute of frauds did not bar the Vaughns' action to recover the balance of the purchase price, the Kings failed to show that they were entitled to judgment purely as a matter of law. We accordingly find that the trial court correctly denied the Kings' summary judgment motion.

## III.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal, jointly and severally, to Stephen R. King and Shirley A. King and their surety for which execution, if necessary, may issue.

.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE