IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 24, 2004 Session

## CHRIS BIRDWELL and wife, VIRGINIA BIRDWELL, v. DAVID PSIMER and PATTY S. PSIMER

**Direct Appeal from the Law Court for Sullivan County**
**No. 34116(L)      Hon. Richard E. Ladd, Chancellor**

**FILED MAY 25, 2004**

**No. E2003-01270-COA-R3-CV**

Action for Judgment on loan was defended on grounds defendant sold note to plaintiffs.  The Trial Court held agreements violated statute of frauds and plaintiff failed to prove loan.  On appeal, we reverse.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Law Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J.,  E.S., delivered the opinion of the court, In which D. MICHAEL SWINEY, J., and Ben H. Cantrell, Sp.J., joined.

Raymond C. Conkin, Jr., Kingsport, Tennessee, for Appellants.

Rick J. Bearfield and Jason W. Blackburn, Johnson City, Tennessee, for Appellee.

### OPINION

The dispute in this action is over the nature of a transaction between the parties. Plaintiff claims that defendant assigned him a $30,000.00 note as collateral for a $30,000.00 loan, and defendant claims that plaintiff bought the $30,000.00 note at a 10% discount, and gave defendant only $27,000.00.  In the complaint, plaintiff stated that payments were made on the loan from November 1, 1996 until June 1, 2000.  No further payments had been made since that date, despite demands.  Plaintiff sought judgment from the defendants in the amount of $30,268.47 on the loan, principal and interest.  Attached to the Complaint was the Promissory Note alleged by the plaintiff to be collateral for the loan.  It states that it was executed on October 10, 1996 to defendants

by Michael and Susan Medlin. The note states it was for $27,000.00, and then there is a handwritten amendment at the bottom dated October 22, 1996, which states: "There is an additional 3,000.00 added to the above note making the total due 30,000.00." The handwritten amendment was initialed by the Medlins and the defendants. The note states that payments of $300.00 per month will be made, and a final balloon payment would be due on November 1, 2001. There is an addition to the note at the very bottom which states: "We the undersigned; do hereby acknowledge, and do assign this note, for the sum of $30,000 as collateral for loan from Chris and Virginia Birdwell." The acknowledgment is signed by David and Patti Psimer, and is dated October 24, 1996.

Defendants Answer denied the allegations of the Complaint, and averred that plaintiff agreed to purchase the note for $27,000.00, and that was the substance of the parties' agreement. In an Amended Answer, defendants pled the statute of frauds as an affirmative defense, stating that the contract could not be performed within one year, and there was no writing sufficiently definite to comply with the statute.

At trial, plaintiff testified that the parties never talked about defendant selling the note to plaintiff. He testified that he gave defendant $30,000.00 on the day he brought the note in, and that he gave the defendant cash, per defendant's request. He testified that his secretary, Judy Broome, witnessed the transaction. The Medlins took bankruptcy and plaintiff wrote defendants about the matter and a copy of that letter was made an exhibit, which plaintiff testified it read in part, "Unlike most notes that I buy, yours was different because the note is being held as collateral for a personal loan to you and Patty." He further testified that he told defendant that he was retiring, and had no desire to buy the note or get involved in the transaction with the Medlins.

Plaintiff's secretary, Judy Broome, then testified and essentially corroborated plaintiff's testimony.

Defendant testified that the Medlins wanted to buy one of his houses, but they didn't have a down payment to qualify for a loan, so he asked plaintiff if he would buy the note, and plaintiff agreed and directed the terms and conditions to be put in the note the Medlins executed. Defendant testified that he took the note to the plaintiff and plaintiff gave him $27,000.00, and that the deal was that plaintiff would buy the note at a 10% discount. He testified that he and plaintiff never discussed a loan.

On cross-examination, defendant admitted his memory was "foggy" and he had trouble remembering things exactly. He admitted he could not remember who was there when the money changed hands, or when the original terms were discussed, or what happened to the original note. Defendant was asked about the writing on the note, and admitted that it mentioned collateral for a loan but he said he did not know what loan it was referring to. He admitted that he signed the acknowledgment, but could not remember if he read what it said, and that he signed the acknowledgment for his wife as well.

The Court entered a Judgment on April 24, 2003, finding that plaintiff failed to prove

there was a loan, and that the language contained in the acknowledgment failed to satisfy the requirements of a note and that the statute of frauds applied.

Plaintiff appealed, insisting that the Court erred in finding that the transaction between the parties was unenforceable because it violated the statute of frauds, and the evidence preponderates against the Trial Court's finding that plaintiff failed to prove the existence of a loan.

The statute of frauds is codified at Tenn. Code Ann. §29-2-101, and states:

(a) No action shall be brought:

> (1) To charge any executor or administrator upon any special promise to answer any debt or damages out of such person's own estate;
> (2) To charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person;
> (3) To charge any person upon any agreement made upon consideration of marriage;
> (4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year;  or
> (5) Upon any agreement or contract which is not to be performed within the space of one (1) year from the making of the agreement or contract;

unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party.

The Trial Court said  that even if the transaction was a loan, it ran afoul of the statute of frauds, apparently because it could not be performed within the space of one year, and because the writing was found to be insufficient to meet the requirements of a note.

Case law sets forth the standard by which the time issue must be measured, and that is "that the contract, by express appointment or understanding of the parties, is not to be performed within a year." *Boutwell v. Lewis Bros. Lumber Co.*, 182 S.W.2d 1 (Tenn. Ct. App. 1944).  As we have explained, "it must appear either from the inherent nature of the contract, or from the words or actions of the parties at the time, that such an understanding was a part and parcel of the agreement itself." *Id.*  "The question is not what the probable, expected, or actual performance of the contract may be, but whether, according to the reasonable interpretation of its terms, it requires that it should not be performed within the year.  Unless the court, looking at the contract in view of the surroundings, can say that in no reasonable probability can such agreement be performed within the year, it is its duty to uphold the contract."  *Id*., quoting 37 C.J.S., Frauds, Statute of, §53.

Thus, there must be evidence to demonstrate that the parties specifically agreed that the contract absolutely would not be performed within one year for it to run afoul of the statute of

frauds. *Johnston v. Cincinnati N. O. & T. P. Ry.*, 240 S.W. 429 (Tenn. 1922). It is not sufficient to show that it is not reasonably possible to perform the contract within a year, or that such would probably not be done, or that a certain contingency which would bring it within the year time period did not occur. *Id., see also Davidson v. Holtzman*, 47 S.W.3d 445 (Tenn. Ct. App. 2000); *Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924 (Tenn. Ct. App. 1984).

Moreover, this provision within the statute of frauds is to be construed very narrowly by the courts, since the courts should generally try to give effect to a contract rather than defeat it. *See Holtzman and Price*. "Accordingly, our courts have declined to construe a contract to require performance over more than one year if to do so would render the contract unenforceable because of the statute of frauds." *Price*, at 932.

In this case, there was no proof that the parties agreed that this loan would absolutely not be repaid within one year. The proof was that the parties agreed that the Medlins would send their payments directly to plaintiff in repayment for the loan, but this is not to say that the defendant could not have paid the loan back in full at any time. Thus, this contract does not fall within the ambit of the statute of frauds.

We note that the use of parol evidence in this case would not cause the statute of frauds to be violated. As this Court has explained:

> Parol evidence cannot be used to contradict or alter the terms of a written contract that is complete and unambiguous on its face. However, the parol evidence rule does not prevent the introduction and consideration of extraneous evidence to explain an ambiguous contractual provision. Likewise, the use of parol evidence to explain a vague contractual term does not cause an otherwise valid written agreement to run afoul of the Statute of Frauds in Tenn. Code Ann. § 29-2-101 (Supp.1998).

*Ingram v. Earthman*, 993 S.W.2d 611, 642 (Tenn. Ct. App. 1998)(citations omitted). Thus, plaintiff's parol evidence explaining the terms of the agreement was properly admitted as to the acknowledgment contained on the note.

The Trial Judge acknowledged that the writing at the bottom of the note "does not say it's a loan from the plaintiff to the defendant", and concluded that it failed to satisfy the statute of frauds. He then found that plaintiff failed to prove by a preponderance of the evidence that the transaction was a loan. We have concluded that the acknowledgment does not violate the statute of frauds, and there can be no question that "one having the ability and opportunity to inform himself of the contents of a writing before he executes it will not be allowed to avoid it by showing that he was ignorant of its contents or that he failed to read it." *Solomon v. First American Nat. Bank of Nashville*, 774 S.W.2d 935, 943 (Tenn. Ct. App. 1989). The Trial Court based its decision on the invalidity of the written acknowledgment, and plaintiff could not meet his burden of proof without this evidence. However, omissions in an instrument which might render it non-negotiable or otherwise lacking as a note do not affect the parties' rights and obligations pursuant to their

agreement.  *See Salmons v. Womack*, 1986 WL 4847 (Tenn. Ct. App. April 25, 1986).  While the acknowledgment does not set forth the exact terms of the loan agreement, it does serve as corroboration of plaintiff's testimony regarding the oral terms of the loan agreement between the parties.  A party who signs an agreement in the absence of fraud is estopped to deny his obligations and is conclusively presumed to know the contents of the agreement and must suffer the consequences. *Lockhart v. Moore,* 159 S.W.2d 438, 25 TA 456 (Tenn. Ct. App. 1941).  When the acknowledgment is considered as evidence, th evidence preponderates against the Trial Court's findings.  Tenn. R. App. P. 13(d).

Accordingly, we reverse the Judgment of the Trial Court and remand for the entry of a Judgment for amount owing on the loan in accordance with plaintiff's testimony as to the payments made and the remaining amount of the loan..

The cost of the appeal is assessed to defendants.

_____
HERSCHEL PICKENS FRANKS, J.