IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 29, 2011

## DOYLE SWEENEY v. DAVID TENNEY

**Appeal from the Circuit Court for Greene County**
**No. 10CV378-JKW**

No. E2011-00418-COA-R3-CV-FILED-SEPTEMBER 29, 2011

Charles D. Susano, Jr., J., dissenting in part and concurring in part.

I agree with the majority that Tenny raised at trial the defense of the statute of frauds. I also agree with the majority that Tenny is liable to Sweeney in the uncontested amount of $4,500. I disagree with the majority's reliance on the partial performance exception to the statute of frauds as I find such reliance unnecessary. In my judgment, a writing was not required in this case under Tenn. Code Ann. § 29-2-101(a)(5) (Supp. 2010) because we are dealing with an agreement that could have been performed within one year.

While, as the majority states, "there was no agreement regarding when the loan was to be paid off in full," I believe this fact is immaterial. As we said in the case of *Boutwell v. Lewis Bros. Lumber Co*., 27 Tenn. App. 460, 182 S.W.2d 1 (1944),

> [t]he question is not what the probable, expected, or actual performance of the contract may be, but whether, according to the reasonable interpretation of its terms, it requires that it should not be performed within the year. Unless the court, looking at the contract in view of the surroundings, can say that in no reasonable probability can such agreement be performed within the year, it is its duty to uphold the contract.

27 Tenn. App. at 464, 182 S.W.2d at 3 (quoting 37 C.J.S. *Frauds, Statute of*, § 53 p. 561). As I view the evidence in this case, I cannot say "that in no reasonable probability can such agreement be performed within the year." *Id*. *See also Davidson v. Holtzman*, 47 S.W.3d 445, 453 (Tenn. Ct. App. 2000).

Accordingly, while I dissent from the majority's view that the partial performance exception is necessary to render the agreement enforceable, I agree with the majority that Sweeney is entitled to his judgment against Tenny.

I dissent in part and concur in part and agree with the result reached by the majority.

_____
CHARLES D. SUSANO, JR., JUDGE