[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13873
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-01234-CAP


GURSHEEL DHILLON,

Plaintiff - Appellant,

versus

ZIONS FIRST NATIONAL BANK,
JOHN AND JANE DOES 1-10,
JOHN AND JANE DOES 1-100,
JOHN AND JANE DOES 1-25,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 6, 2012)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Gursheel Dhillon, proceeding pro se, appeals the district court's dismissal of his breach of contract and fraud claims against Zions First National Bank, a Utah-based corporation, and various unnamed defendants (collectively, Zions). Dhillon contends that the district court erred by: (1) applying Georgia and Tennessee law, (2) ruling that he failed to state a claim for relief on his breach of contract allegations, and (3) determining that his fraud claim was not pleaded with the specificity required by Federal Rule of Civil Procedure 9(b).

## I.

### A.

Dhillon, a Tennessee resident and a "speculative real estate investor," contacted Zions about properties it had listed online for sale, two of which are the subject of the present case: a car wash in Cobb County, Georgia, and a retail strip mall in Gwinnett County, Georgia. Dhillon sent an offer to a Zions real estate "disposition officer" to purchase the car wash for $469,000 and the strip mall for $600,000. Dhillon signed a negotiation agreement provided by Zions, which acknowledged that: (1) "email messages originating from either party or their respective agents during the negotiation process shall be considered verbal in nature and shall not be binding on either party," (2) any "verbal offer, acceptance or agreement . . . is not a binding agreement until both Parties execute a written

2

contract," and (3) a contract must be signed by both parties to be valid.

The Zions disposition officer e-mailed Dhillon a counteroffer, listing the original asking price for the properties: $525,000 for the car wash and $850,000 for the strip mall. The disposition officer's e-mails included a disclaimer that read in part:

> This e-mail may contain a price or other contract term for the sale of real property. The price or other contract term contained in this email is subject to approval by Zions First National Bank's executive management committee or its designee and is not binding until the executive management committee or its designee provides such approval in writing to the prospective purchaser.

By e-mail, Dhillon accepted the offer and requested information on how to make a deposit. Following Zions' instructions, he sent Zions a $75,000 check. Zions then sent Dhillon a purchase sales agreement, which had not been signed by any Zions official and that had missing terms, including the address or a description of the properties and their purchase price. Dhillon signed the agreement and returned it to Zions, but Zions later refused to sign the agreement and returned Dhillon's deposit.

## B.

Dhillon filed two lawsuits against Zions in Georgia state court, and Zions removed the cases to federal district court based on diversity of citizenship.

3

Dhillon filed an amended complaint, which merged his allegations into a single case, that alleged breach of contract and fraud claims. Zions moved to dismiss the amended complaint, and the district court granted that motion, dismissing Dhillon's breach of contract claim because it failed to state a claim for relief under Rule 12(b)(6). The court ruled that under either Georgia or Tennessee law, Dhillon's amended complaint, which attached his e-mail correspondence with Zions and Zions' unsigned purchase sales agreement, showed that the parties did not enter into a contract. The district court also dismissed Dhillon's fraud claim but granted him leave to amend his complaint to comply with the particularity requirements for pleading fraud claims under Rule 9(b).

Dhillon filed a second amended complaint,[1] and Zions filed a new motion to dismiss. The district court granted that motion because the second amended complaint was filed late and still did not comply with Rule 9(b). The district court denied Dhillon's request for leave to amend his complaint again. This is Dhillon's appeal.

## II.

---

[1]Dhillon's second amended complaint also brought new claims for relief, but the district court dismissed those claims because Dhillon failed to get written consent from Zions or permission from the court as required by Rule 15(a)(2) to amend his complaint. Dhillon's initial brief on appeal does not contend that the district court erred in this decision, so any contentions regarding those claims are abandoned. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

We review de novo a conflict-of-laws issue. Grupo Televisa, S.A. v. Telemundo Comms. Group, Inc., 485 F.3d 1233, 1239 (11th Cir. 2007). "A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state." Id. at 1240. However, if the laws of competing states are "substantially similar," no conflict actually exists and "the court should avoid the conflicts question and simply decide the issue under the law of each of the interested states." Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1171 (11th Cir. 2009) (quotation marks omitted). That is precisely what the district court did by analyzing and dismissing Dhillon's contract claim under both Tennessee and Georgia law. Dhillon contends that the district court should have applied only Tennessee's law. Assuming the court correctly applied Tennessee law, which we will consider next, Dhillon was not disadvantaged by the court's application of Georgia law in addition to its consideration of Tennessee law. Therefore, his choice-of-law contention is meritless.

## III.

"We review de novo a district court's order dismissing a complaint under Rule 12(b)(6)." F.T.C. v. Phoebe Putney Health Sys., Inc., 663 F.3d 1369, 1375 (11th Cir. 2011). "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff; we are not, however,

5

bound to accept as true a legal conclusion couched as a factual allegation." Id. (alterations, citation, and quotation marks omitted). Moreover, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." Assoc. Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) (citation omitted).[2] Also, "[i]n ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." Speaker v. U.S. Dept. of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010) (quotation marks omitted). We may affirm the district court's judgment on any basis supported in the record. See Cruz v. Cingular Wireless, LLC, 648 F.3d 1205, 1210 n.10 (11th Cir. 2011).

Lastly, pro se pleadings are liberally construed, Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008), but pro se litigants still must comply with procedural

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the Fifth Circuit handed down prior to October 1, 1981.

6

rules.  Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007).

A.

Dhillon contends that the district court erred by dismissing his breach of contract claim under Rule 12(b)(6).  The Tennessee statute of frauds requires that all contracts for the conveyance of land be in writing and be "signed by the party to be charged therewith."  Tenn. Code Ann. § 29-2-101(4)–(5).  "A contract must result from a meeting of the minds of the parties in mutual assent to the terms . . . . In determining mutuality of assent, courts must apply an objective standard based upon the parties' manifestations."  Advanced Photographic Solutions, LLC v. Nat'l Studios, Inc., 352 S.W.3d 431, 442 (Tenn. Ct. App. 2011) (quotation marks omitted).

Dhillon argues that two writings attached to his amended complaint show a binding contract: (1) Zions' counteroffer and (2) the purchase sales agreement. The counteroffer was not a binding contract because Zions did not sign it and there was no meeting of the minds to form a contract by e-mail.  See id.  Dhillon's exhibits to his amended complaint reveal facts—specifically, the e-mail disclaimers—that foreclose any contention that Zions sought to form a valid contract via e-mail.  See Assoc. Builders, Inc., 505 F.2d at 100.  Nor could Dhillon have reasonably expected that the e-mail counteroffer constituted a binding

7

contract because he had already signed the negotiation agreement acknowledging that e-mail correspondence between him and Zions was not a binding agreement and that any contract would have to be signed by both parties.

The purchase sales agreement was not a binding contract either under Tennessee's statute of frauds because the party against whom Dhillon seeks to charge with violating it, Zions, never signed the agreement. See Tenn. Code Ann. § 29-2-101(a)(4)–(5).

Dhillon argues that two Tennessee cases create exceptions to the traditional statute of frauds and that those exceptions apply in the present case. We disagree. In Yates v. Skaggs, 213 S.W.2d 41 (Tenn. 1948), the Tennessee Supreme Court considered whether a franchisee could enforce a memorandum amending its earlier contract with its franchisor. Both parties signed the earlier contract, which had no integration clause and had explicitly contemplated further amendments, but only the franchisee signed the memorandum, which the franchisor had prepared. Id. at 42–43. The court held that not all writings to a contract had to comply with the statute of frauds if the writings can "legally be connected with the agreement which was signed." Id. at 43 (emphasis added). In the present case, there was no writing signed by both parties and the proposed purchase sales agreement contained an integration clause that explicitly rejected any additions that were

8

unwritten or unsigned.[3]

The second case Dhillon relies on, <u>Batey v. D.H. Overmyer Warehouse Co.</u>, 446 S.W.2d 686, 693 (Tenn. Ct. App. 1969), also is distinguishable from this case. There, the court held that the statute of frauds could not shield a landlord from performing a lease agreement, which the landlord prepared but that only its tenant signed, because the landlord acted in accordance with that lease, renting the tenant the property and depositing his rent checks. <u>Id.</u> at 692–93. In the present case, Zions cancelled negotiations and returned Dhillon's deposit. There was no partial performance by Zions on which Dhillon can hang his lawsuit.

Dhillon's amended complaint and undisputed evidence in the record show that he and Zions did not enter into a contract for the sale of the Georgia properties under Tennessee law. Without a contract, there can be no breach. The district court did not err in ruling that he failed to state a claim for relief on this ground.

B.

Dhillon next contends that the district court erred by dismissing his fraud

---

[3]The clause in the purchase sales agreement read:
> This Agreement contains the entire agreement between Seller and Purchaser concerning the sale of the Property, and no statement, agreement, representation, or understanding shall be binding on either party unless it is contained in this Agreement. No modification of this Agreement shall be binding on either party unless in writing and signed by the party to be bound.

Purchase and Sale Agreement, ¶ 12.

claim because his second amended complaint did not comply with the Rule 9(b) pleading requirements. Under Tennessee law, fraud claims must allege: "(1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) . . . that the misrepresentation involve[d] a past or existing fact." Kincaid v. SouthTrust Bank, 221 S.W.3d 32, 40 (Tenn. Ct. App. 2006).

Dhillon argues that Zions falsely represented that his acceptance of the counteroffer created a binding contract to sell the Georgia properties. But in light of the e-mail disclaimers and the negotiation agreement he signed, any belief he had that his e-mailed acceptance of the counteroffer had created a binding contract was unreasonable. Because Dhillon does not allege any reasonable reliance on any false representations by Zions, his second amended complaint does not state a viable fraud claim.

**AFFIRMED.**